No. 23-3371

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| JANIAH MONROE, MARILYN MELENDEZ, LYDIA HELENA VISION, SORA KUYKENDALL, and SASHA REED, individually and on behalf of a class of similarly situated individuals, | Appeal from the United States District Court for the Southern District of Illinois |
| Plaintiffs-Appellees, | No. 3:18-cv-00156-NJR |
| v. | |
| STEVEN BOWMAN, MELVIN HINTON, and LATOYA HUGHES, | The Honorable NANCY J. ROSENSTENGEL, |
| Defendants-Appellants. | Chief Judge Presiding. |

**DOCKETING STATEMENT**

Defendants-Appellants Steven Bowman, Melvin Hinton, and Latoya Hughes submit this docketing statement as required by 7th Cir. R. 3(c).

1.  On January 31, 2018, Plaintiffs-Appellees Janiah Monroe, Marilyn Melendez, Lydia Helena Vision, Sora Kuykendall, and Sasha Reed — transgender women in the custody of the Illinois Department of Corrections ("Department") — filed a complaint in the district court under 42 U.S.C. § 1983 on behalf of a putative class of inmates who requested evaluation or treatment for gender dysphoria. Doc. 1.[1] They claimed that defendants — Department officials sued in their official

---

[1] Although Ebony Stamps was a named plaintiff in the complaint, *see* Doc. 1, she was later dismissed from the case because she was no longer in the Department's custody,

capacities — violated their rights under the Eighth Amendment to the United States Constitution and sought declaratory and injunctive relief. *Id.* at 36-38; *see* Text Or. 2/1/18 (screening order).[2] The district court had subject matter jurisdiction over plaintiffs' action under 28 U.S.C. § 1331 because it raised a federal question.

    2.    The district court temporarily referred the matter to a magistrate judge to conduct certain pretrial proceedings under 28 U.S.C. § 636(b). *See* Text Or. 2/1/18 (referring case); Text Or. 12/4/19 (ending referral).

    3.    On December 19, 2019, the district court entered a preliminary injunction. Docs. 186-87. On March 4, 2020, the court vacated that injunction and entered an amended preliminary injunction. Docs. 211-12.

    4.    Also on March 4, 2020, the district court certified a class under Fed. R. Civ. P. 23(b)(2) consisting of "all prisoners in the custody of [the Department] who have requested evaluation or treatment for gender dysphoria." Doc. 213.

    5.    The district court conducted a four-day trial from August 2 through August 5, 2021. *See* Docs. 319-28, 334, 347-49, 353-54. The court made preliminary findings of fact and conclusions of law from the bench at the close of that proceeding. Doc. 334 at 972-92. On August 9, 2021, the court issued an order memorializing its preliminary findings and conclusions, Doc. 331, and entered a preliminary injunction

---

Doc. 213 at 1.

[2] Although the Governor of Illinois was a named defendant in the complaint, *see* Doc. 1, the district court later dismissed the claim against him with prejudice, Doc. 97. In addition, the identity of the Department Directors changed during the litigation, and the new Directors were substituted pursuant to Fed. R. Civ. P. 25(d).

that was "in addition to the previous preliminary injunction" it had entered in March 2020, Doc. 332; *see* Docs. 212 (March 2020 preliminary injunction), 336 (correcting August 2021 preliminary injunction).

6. On December 13, 2021, the district court entered an order notifying the parties of its intent to appoint a monitor "to oversee Defendants' compliance with the Court's preliminary injunctions." Doc. 370 (citing Docs. 212, 332, 336).

7. On February 7, 2022, the district court issued an order, setting forth additional findings of fact and conclusions of law based on the evidence presented at the August 2021 trial and subsequent briefing. Doc. 383. The court also entered a preliminary injunction that "incorporate[d] the preliminary injunctive relief" it had previously ordered and provided additional relief. Doc. 384 (citing Docs. 186, 212, 332, 336).

8. On April 5 and May 10, 2022, the district court appointed two co-monitors "to oversee and advise the Court and the parties regarding Defendants' compliance with the Court's Preliminary Injunctions." Docs. 418, 423 (citing Docs. 212, 332, 336, 384).

9. On November 14, 2022, plaintiffs filed a motion for contempt, asking the court to set an in-person hearing, find defendants in civil contempt for failing to comply with the court's injunction orders, and "modify the preliminary injunctions to add short deadlines for Defendants' compliance and reporting." Doc. 455.

10. On January 24, April 4, and May 11, 2023, the district court entered orders requiring defendants to take certain actions regarding the relief provided in

the preliminary injunctions, while stating that plaintiffs' contempt motion remained under advisement. Docs. 522, 552, 584.

11.   On May 31, 2023, defendants moved to vacate those orders — Docs. 522, 552, 584 — under Fed. R. Civ. P. 60(b) and 18 U.S.C. § 3626, contending that they all purported to enforce preliminary injunctions that had automatically expired months and years earlier. Doc. 587.

12.   On November 16, 2023, the district court entered an order denying defendants' motion to vacate, while granting in part and denying in part plaintiffs' motion for contempt. Doc. 678. In the order, the court also directed the clerk's office "to modify the docket text for the [February 2022] injunction to read 'PERMANENT INJUNCTION (to be interpreted in accordance with the Court's Order at Doc. 678)'" and to enter judgment for plaintiffs. *Id.* at 26.

13.   That same day, a judgment order was entered on the district court docket under Fed. R. Civ. P. 58, stating that judgment was entered in plaintiffs' favor "pursuant to the Order entered on February 7, 2022," and granting "permanent injunctive relief," as outlined therein. Doc. 679. The judgment thus resolved all claims against all parties, and no motion to alter or amend the judgment was filed.

14.   On December 14, 2023, defendants filed a notice of appeal from the judgment that was entered on November 16, 2023. Doc. 699. The notice of appeal was timely under 28 U.S.C. § 2107(a) and Fed. R. App. P. 4(a)(1)(A) because it was filed within 30 days of the judgment's entry. This court has jurisdiction over this appeal from a final judgment of the district court under 28 U.S.C. § 1291.

        Respectfully submitted,

        KWAME RAOUL
        Attorney General
        State of Illinois

By:   <u>/s/ Frank H. Bieszczat</u>
       FRANK H. BIESZCZAT
       Assistant Attorney General
       115 South LaSalle Street
       23rd Floor
       Chicago, Illinois 60603
       (312) 814-2090 (office)
       (773) 590-7075 (cell)
       Frank.Bieszczat@ilag.gov

## CERTIFICATE OF FILING AND SERVICE

I certify that on December 20, 2023, I electronically filed the foregoing Docketing Statement with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

I further certify that one of the other participants in this case, named below, is a registered CM/ECF user and will be served via the CM/ECF system.

Amelia Bailey
amelia.bailey@kirkland.com

I further certify that the other participants in this case, named below, are not registered CM/ECF users and were served by attaching a copy to an email that was sent to the email addresses indicated below on December 20, 2023.

| | |
|---|---|
| Camille E. Bennett<br>cbennett@aclu-il.org | Michelle T. Garcia<br>mgarcia@aclu-il.org |
| Abby L. Parsons<br>aparsons@kslaw.com | Mason Strand<br>mstrand@aclu-il.org |

/s/ Frank H. Bieszczat
FRANK H. BIESZCZAT
Assistant Attorney General
115 South LaSalle Street
23rd Floor
Chicago, Illinois 60603
(312) 814-2090 (office)
(773) 590-7075 (cell)
Frank.Bieszczat@ilag.gov